## IN THE UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF ARKANSAS
### PINE BLUFF DIVISION

JERMAIN D. LEWIS                                                                    PLAINTIFF
ADC #161312

v.                                    No: 5:17-cv-00166 JM-PSH

ELIZABETH FRANKLIN, *et al.*                                                        DEFENDANTS

### FINDINGS AND RECOMMENDATION

### INSTRUCTIONS

The following proposed Findings and Recommendation have been sent to United States

District Judge James M. Moody Jr. You may file written objections to all or part of this

Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or

legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14)

days of this Recommendation. By not objecting, you may waive the right to appeal questions of

fact.

### DISPOSITION

### I. Introduction

Plaintiff Jermain D. Lewis, an inmate confined at the Delta Regional Unit of the Arkansas

Department of Correction (ADC), filed this *pro se* 42 U.S.C. § 1983 action alleging that Defendant

Elizabeth Franklin disciplined him in retaliation for filing grievances against her (Doc. No. 2).

The Court ordered service on Franklin (Doc. No. 3), and Lewis subsequently filed an amended

complaint naming Defendant Lee Collins (Doc. No. 4). The Court ordered Lewis to file another

amended complaint so that it could determine if Lewis' claim against Collins was related to his

original complaint against Franklin. *See* Doc. No. 6. The Court specifically instructed Lewis as follows:

> The amended complaint should describe who Lewis intends to sue; how each defendant violated his constitutional rights; how he was injured by each defendants' actions; and whether he sues defendants in their individual or official capacities. Lewis is cautioned that an Amended Complaint renders his original Complaint without legal effect; only claims properly set out in the Amended Complaint will be allowed to proceed.

*Id.* Lewis filed a second amended complaint (Doc. No. 9), and the Court ordered service on defendant Collins. Summary judgment was subsequently entered in favor of Collins because Lewis had not exhausted his administrative remedies as to Collins. *See* Doc. Nos. 33 & 37.

Franklin moves for judgment on the pleadings because Lewis did not name Franklin as a defendant or allege that she violated his constitutional rights in his second amended complaint. *See* Doc. Nos. 38 & 39. On January 10, 2018, the Court entered a text order allowing Lewis 14 days to file a response to Franklin's motion (Doc. No. 40). More than a month has passed, and Lewis has not filed a response. Lewis did not list Franklin as a defendant in his second amended complaint. *See* Doc. No. 9 at 1-2. Additionally, although he alleges that he received a false disciplinary by Franklin and Collins in order to remove him from the S.A.T.P. program, it is not clear that he is alleging Franklin violated his constitutional rights. *See* Doc. No. 9 at 4. Because Lewis has not responded to Franklin's motion to clarify his intent to sue Franklin, the Court recommends that this lawsuit be dismissed without prejudice.

DATED this 20th day of February, 2018.

_____
UNITED STATES MAGISTRATE JUDGE

2